posed course of action would keep in place the prohibition against hybrid representation and keep delays to what I view as an acceptable level, properly balancing a petitioner's right to obtain one thorough and meaningful appellate review of his PCRA claims (and any right he may have to self-representation on appeal) with society's interest in finality.[4]

Justice TODD joins this opinion.

23 A.3d 1050

**CAPOZZI & ASSOCIATES, P.C., Petitioner**

v.

**BRADFORD COUNTY, Chester County, Pleasant Ridge Manor, Respondents.**

Supreme Court of Pennsylvania.

June 30, 2011.

## *ORDER*

PER CURIAM.

**AND NOW,** this 30th day of June, 2011, the Petition for Allowance of Appeal and Application for Leave to File to

request to proceed *pro se*, that filing would be simply forwarded to counsel.

4. I would also submit that it is entirely possible to proceed *pro se* on PCRA appeal without alleging ineffectiveness of PCRA counsel, and without implicating any concerns about "additional rounds" of collateral review. If the defendant proceeds *pro se* on PCRA appeal, he could simply raise any of the claims that he litigated in his PCRA petition, without having to allege PCRA appellate counsel's ineffectiveness (because, of course, at that point there is would be no PCRA counsel).

Strike Respondents' Answer to Petition for Allowance of Appeal are DENIED.

23 A.3d 1050

**K.E.M., Petitioner**

v.

**P.C.S., Respondent.**

Supreme Court of Pennsylvania.

July 12, 2011.

## ORDER

PER CURIAM.

**AND NOW,** this 12th day of July, 2011, the Petition for Allowance of Appeal is **GRANTED.** The issues, are:

1. Whether the Superior Court of Pennsylvania erred by affirming the lower court finding that paternity by estoppel applies in the present case and precludes the petitioner/plaintiff/mother from pursuing paternity or support against the respondent/putative father?

2. Whether the doctrine of paternity by estoppel, as applied in Pennsylvania, should be maintained, revised, or abrogated in its entirety?